MADDOX, Justice
(dissenting).
Lynda Lyon Block is charged with the capital murder of Opelika Police Sergeant Roger L. Motley. She has been declared to be indigent. This proceeding arises out of Block’s request to proceed ex parte “with the trial court alone and outside the presence of the district attorney” in connection with her request for funds for expert assistance in the trial of her case.[1] The trial judge denied her request to proceed ex parte, and she petitioned the Court of Criminal Appeals to direct him to allow her to communicate ex parte with the trial judge.
According to the State’s petition, the Court of Criminal Appeals initially granted the State 14 days within which to show cause why Block’s mandamus petition should not be granted, but subsequently granted the petition before the State had responded.
I would grant the State’s petition for the writ of certiorari, based on at least two reasons:
(1) Rule 21(b), Ala.R.App.P., states, in part, that if an appellate court does not deny a mandamus petition, “it shall order that an answer to the petition be filed by the respondents within the time fixed by the order.” According to the State, the Court of Criminal Appeals, having fixed the time in the order, nevertheless granted the writ before the expiration of that time period.
(2) The writ of mandamus is an extraordinary remedy and should be granted only *605 when the petitioner has shown a clear, legal right to the relief requested. In my mind, the petitioner has not shown that she is clearly entitled to prevent the State from discovering the nature of her request for expert assistance.
I think the State has shown probable merit in its petition. Under the new Alabama Rules of Criminal Procedure, neither the State nor the defendant is free to prevent the discovery of trial strategies.
The Alabama Rules of Criminal Procedure “govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama,”[2] and Rule 1.2 specifically provides that “[t]hese rules are intended to provide for the just and speedy determination of every criminal proceeding” and that “[t]hey shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of unnecessary delay and expense, and to protect the rights of the individual while preserving the public welfare.”
Rule 16, Ala.R.Crim.P., provides certain discovery rights to the defendant and to the State. At this point, the defendant is unwilling for the State to know anything about her request for expert assistance. Although I recognize that the defendant has a constitutional right not to disclose information or evidence that would incriminate her, I am not convinced at this point that the defendant, even if provided with funds to obtain expert assistance, could prevent discovery of any report the expert might make. See Rule 16.2, Ala.R.Crim.P.
Discovery in criminal cases has its proponents and its opponents,[3] but discovery by defendants and by the State was significantly expanded when Rule 16, and its predecessor, Temporary Rule 18, were adopted. The element of “surprise” or “trial by ambush” in criminal eases has been significantly lessened by the adoption of the discovery rule. On the other hand, the defendant has rights not to disclose to the State information that the defendant feels is privileged. At this stage, I cannot tell whether Block was clearly entitled to proceed ex parte before the trial judge or not. I would grant the writ, because the State has raised some legal issues that appear to me to be questions of first impression that should be resolved by this Court. After review, I might be persuaded to agree with Block on every point she raises, but based on the record before me I would grant the State’s petition.

. Block claims that if she is required to present her request for funds for expert assistance in the presence of the district attorney, her constitutional rights will be violated because, she says, “a defendant of means could obtain expert assistance without disclosing vital portions of her defense to the prosecution."

. Rule 1.1, Ala.R.Crim.P.

. See the following law review articles and cases exploring this complex and controversial issue: Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth, 1963 Wash.U.L.Q. 279; Discovery in Criminal Cases — In Search of a Standard, 1964 Duke L.J. 477; Fletcher, Pretrial Discovery in State Criminal Cases, 12 Stan.L.Rev. 293 (1960); Krantz, Pretrial Discovery in Criminal Cases: A Necessity for Fair and Impartial Justice, 42 Neb.L.Rev. 127 (1962); Symposium, Discovery in Federal Criminal Cases, 33 F.R.D. 47-128 (1963); Development in the Law — Discovery, 74 Harv.L.Rev. 940, 1051-53 (1961); State v. Tune, 13 N.J. 203, 98 A.2d 881 (1953).